UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JULIE WALDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01375-SLD-JEH |
| | ) | |
| ETHICON, INC. and JOHNSON & | ) | |
| JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On February 9, 2023, the Court ordered self-represented Plaintiff Julie Waldon to show

cause why this case should not be dismissed for lack of prosecution pursuant to Federal Rule of

Civil Procedure 41(b).  *See* Feb. 9, 2023 Text Order.  She failed to do so within the specified

time period.  As such, and for the following reasons, this case is DISMISSED for failure to

prosecute under Rule 41(b).

**BACKGROUND**

On March 20, 2013, Plaintiff, who at that time was represented by counsel, filed a short

form complaint against Defendants Ethicon, Inc. and Johnson & Johnson (collectively,

"Ethicon") in *In Re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, Multi-

District Litigation ("MDL") No. 2327, bringing claims related to a medical device that had been

implanted in her body.  Compl. 1–5, ECF No. 1.  While the case was proceeding in the MDL,

Ethicon filed a partial summary judgment motion, Partial Mot. Summ. J., ECF No. 47, and a

motion to limit the opinions and testimony of Plaintiff's expert, Mot. Limit Rosenzweig Ops.,

ECF No. 49, to both of which Plaintiff responded, Am. Opp'n Partial Mot. Summ. J., ECF No.

54; Opp'n Mot. Limit Rosenzweig Ops., ECF No. 55.  Plaintiff likewise filed a motion to

exclude certain opinions and testimony of Ethicon's expert, Mot. Exclude Elser Ops., ECF No. 51, which Ethicon opposed, Opp'n Mot. Exclude Elser Ops., ECF No. 56.  On October 29, 2020, the case was transferred into the Central District of Illinois.

On April 14, 2021, the case now proceeding before this Court, Plaintiff's attorneys moved to withdraw as her counsel.  Mot. Withdraw 1, ECF No. 77.  The Court granted their request on May 18, 2021.  May 18, 2021 Text Order.  Despite Plaintiff's efforts to recruit counsel,[1] she was unsuccessful, and she is now representing herself.

On May 31, 2022, Ethicon filed a motion for leave to file a supplemental motion for summary judgment.  Mot. Leave File Suppl. Mot. Summ. J., ECF No. 98.  On July 28, 2022, the Court directed Plaintiff to file a response to the motion within 14 days, July 28, 2022 Text Order, which she failed to do.  The Court granted the motion for leave to file a supplemental motion for summary judgment on September 8, 2022 and instructed Plaintiff to respond to the supplemental motion within 21 days.  Sept. 8, 2022 Text Order.  Plaintiff never filed a response.

A settlement conference was held by Magistrate Judge Jonathan E. Hawley on July 21, 2022; no settlement was reached.  July 21, 2022 Min. Entry.

On October 4, 2022, Ethicon requested that the Court set a pretrial conference or enter a case management order or, in the alternative, enter an order for Plaintiff to show cause why the case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) due to Plaintiff's repeated failures to comply with Court orders and to engage in the discovery process with Ethicon.  Mot. Show Cause 1, ECF No. 100.  In support, Ethicon attached two

---

[1] These efforts included a motion for the Court to appoint counsel for Plaintiff, *see* Mot. Request Counsel, ECF No. 90, which Magistrate Judge Jonathan E. Hawley denied with leave to renew if she was permitted to proceed in forma pauperis ("IFP"), *see* Nov. 2, 2021 Order 2–3, ECF No. 92.  Judge Hawley later mooted her motion to proceed IFP, Mot. Leave Proceed IFP, ECF No. 91, because she paid the full filing fee at the time she filed the complaint, *see* May 19, 2022 Text Order.

letters its counsel sent to Plaintiff requesting necessary supplemental discovery from her.  In the first letter, sent on December 6, 2021, Ethicon's counsel asked Plaintiff to provide Ethicon with an updated Plaintiff Fact Sheet by January 5, 2022 and to sign authorizations so that Ethicon could access Plaintiff's medical records from nine medical facilities.  Dec. 6, 2021 Letter 1, Mot. Show Cause Ex. 1, ECF No. 100-1.  Plaintiff did not respond to the letter.  Mot. Show Cause 5.  In the second letter, which Ethicon's counsel sent to Plaintiff on January 18, 2022, Plaintiff was again asked to provide an updated Plaintiff Fact Sheet, extending the deadline to February 4, 2022, and to execute the authorizations.  Jan. 18, 2022 Letter 1, Mot. Show Cause Ex. 2, ECF No. 100-2.  Plaintiff again failed to respond.  Mot. Show Cause 6.  Although the motion for a pretrial conference, case management order, or show cause order was properly served on Plaintiff, *see id*. at 13, Plaintiff did not file a response.

On January 4, 2023, Ethicon filed a motion to dismiss the case based on Plaintiff's failure to comply with her discovery obligations under Rule 37(b)(2)(A)(v) or for want of prosecution under Rule 41(b).  Mot. Dismiss 1, 8–9, ECF No. 102.  Ethicon agues that it is unjust to expect it to continue defending this case—especially as trial approaches—when it "cannot get Plaintiff to respond to any inquiry, let alone produce signed medical authorizations or even an updated Plaintiff Fact Sheet," and when it is "armed only with discovery that was obtained while Plaintiff was represented by counsel dating back to the MDL, in 2019."  *Id*. at 8–9.  In addition to the December 6, 2021 and January 18, 2022 letters previously referenced, Ethicon attaches two more letters it sent to Plaintiff showing its unsuccessful efforts to engage with Plaintiff to move the case forward.  On November 15, 2022, Ethicon's counsel wrote to Plaintiff regarding the parties' responsibilities in advance of the Final Pretrial Conference, then scheduled for March 7, 2023, in particular drafting the Proposed Final Pretrial Order, due February 28, 2023.  Nov. 15, 2022

Letter 1, Mot. Dismiss Ex. C, ECF No. 102-3.  Counsel reminded Plaintiff that it was her responsibility to provide the initial draft of the Proposed Final Pretrial Order and asked to schedule a time to meet with Plaintiff to discuss the document.  *Id*. at 1–2.  Plaintiff did not respond to the letter.  Mot. Dismiss 5.  Finally, on November 29, 2022, Ethicon's attorney sent Plaintiff a follow-up letter reiterating her request to meet with Plaintiff to discuss the Proposed Final Pretrial Order and additionally requesting that Plaintiff provide her with an updated Plaintiff Fact Sheet and signed authorizations for Plaintiff's medical records, noting that Plaintiff had failed to comply with earlier requests for this same information.  Nov. 29, 2022 Letter 1–2, Mot. Dismiss Ex. D, ECF No. 102-4.  She warned Plaintiff that if Plaintiff did not respond and provide the requested supplemental discovery by December 13, 2022, Ethicon "w[ould] ask the Court to dismiss [the] case."  *Id*. at 2.  Plaintiff failed to do as requested.  Mot. Dismiss 6.[2]

On February 9, 2023, the Court granted Ethicon's request for an order to show cause and ordered Plaintiff to show cause within two weeks why the case should not be dismissed pursuant to Rule 41(b) for lack of prosecution.  *See* Feb. 9, 2023 Text Order.  The Court warned her that "[i]f she fail[ed] to [respond to the Text Order], or if she fail[ed] to show good cause, this case m[ight] be dismissed."  *Id*.  Plaintiff did not comply with the Court's order and has filed nothing further to date.

---

[2] Plaintiff did not file a response to the motion to dismiss, but it is unclear whether she was ever properly served the filing.  The motion to dismiss contains only a certification of service via the CM/ECF system, *see* Mot. Dismiss 10, but as Plaintiff is *pro se* and not registered with CM/ECF, she cannot be served by that method.  *See* Civil LR 5.4(C) ("A non-registered pro se party . . . is entitled to a paper copy of any papers required to be served by the Federal Rules of Civil Procedure.").  The Court will therefore not penalize Plaintiff for failing to respond to the motion to dismiss and does not address whether this motion should be granted and instead proceeds with determining whether, based on Plaintiff's failure to show cause as ordered by the Court, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) on the Court's own motion.  *See* Feb. 9, 2023 Text Order.  The Court will, however, consider the letters attached to the motion to dismiss, as they indicate that they were mailed to Plaintiff's address. *See* Nov. 15, 2022 Letter 1; Nov. 29, 2022 Letter 1.

## DISCUSSION

### I.      Legal Standard

Rule 41(b) provides that "[i]f [a] plaintiff fails to prosecute or to comply with [the

Federal Rules of Civil Procedures] or a court order, a defendant may move to dismiss the action

or any claim against it."  A court may also decide to dismiss a case on this basis on its own.  *See*

*O'Rourke Bros. Inc. v. Nesbitt Burns, Inc*., 201 F.3d 948, 952 (7th Cir. 2000) ("[I]t is clear that a

court has inherent authority to dismiss a case *sua sponte* for a failure to prosecute.").  A case

should only be dismissed pursuant to Rule 41(b) "when there is a clear record of delay or

contumacious conduct, or when other less drastic sanctions have proven unavailing."  *Brown v.*

*Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (quotation marks omitted); *see*

*Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (noting that dismissal for want of prosecution

is "an extraordinarily harsh sanction that should be used only in extreme situations" (quotation

marks omitted)).  When evaluating whether dismissal under Rule 41(b) is appropriate, courts

consider

> the frequency and magnitude of the plaintiff's failures to comply with deadlines for
> the prosecution of the suit, the apportionment of responsibility for those failures
> between the plaintiff and his counsel and therefore the appropriateness of
> sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures
> in taxing the judge's time and disrupting the judge's calendar to the prejudice of
> other litigants, the prejudice if any to the defendant from the plaintiff's dilatory
> conduct, the probable merits of the suit, and . . . the consequences of dismissal for
> the social objectives of the type of litigation that the suit represents.

*Ball v. City of Chicago*, 2 F.3d 752, 759–60 (7th Cir. 1993).

The Seventh Circuit "encourage[s] district courts to provide an explicit warning [of an

impending dismissal] before a . . . Rule 41 dismissal is ordered."  *Brown*, 664 F.3d at 192; *see*

*also Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006) (clarifying that an

earlier statement by the court that an explicit warning must be given "was not intended to lay

down a rigid rule" but was rather intended "as a useful guideline to district judges—a safe harbor to minimize the likelihood of appeal and reversal"). Such a warning "need not come from the judge." *Brown*, 664 F.3d at 192 (noting that in *Fischer*, "the fact that the defendant requested dismissal if the plaintiff continued to violate discovery orders was deemed to contribute to the plaintiff's warning that dismissal was a possibility").

## II.    Analysis

Based on Plaintiff's continued failure to comply with direct Court orders, as well as the materials provided by Ethicon showing Plaintiff's refusal to cooperate with discovery requests and to generally work with Ethicon to move the case forward, it appears that there is a clear record of delay on Plaintiff's part sufficient to justify dismissal under Rule 41(b). As detailed above, *see supra* Background, despite the Court's explicit instruction to Plaintiff to file responses to Ethicon's motion for leave to file a supplemental motion for summary judgment and to the supplemental motion itself, Plaintiff failed to do so, disobeying two Court orders. Ethicon requested that Plaintiff send it required supplemental discovery on several occasions but never received any documents, much less a response, from Plaintiff, who also failed to respond to Ethicon's requests to confer regarding the then-upcoming Final Pretrial Conference. And Plaintiff never responded to the Court's order to show cause. Because Plaintiff has been proceeding *pro se* since May 2021, she cannot blame counsel for her inaction. Moreover, Plaintiff's conduct has resulted in prejudice to Ethicon and to the Court. Plaintiff's apparent unwillingness to provide Ethicon with an updated Plaintiff Fact Sheet and authorization to view her medical records has hindered Ethicon's efforts to gather necessary information and prepare for trial, and her continued failure to comply with Ethicon's requests and with Court orders has resulted in unnecessary delay and superfluous motions. *See Aura Lamp & Lighting Inc. v. Int'l*

*Trading Corp.*, 325 F.3d 903, 909 (7th Cir. 2003) (noting that the motions the defendant "was forced to bring" as a result of the plaintiff's discovery failures "add[ed] needless expense to the case and clogg[ed] the court's docket," causing prejudice to the defendant and the court and supporting dismissal under Rule 41(b)). Finally, the Court does not believe that any untoward consequences would result from dismissing the suit.

As such, the balance of the factors set forth in *Ball* weigh in favor of dismissal under Rule 41(b).[3] *See Ball*, 2 F.3d at 759–60; *see, e.g.*, *Roland v. Salem Cont. Carriers, Inc*., 811 F.2d 1175, 1178–79 (7th Cir. 1987) (finding that the plaintiffs' initial delay in answering interrogatories, failure to comply with a court order to supplement their inadequate responses, and failure to respond to the defendants' motion to dismiss, along with a failure to obtain local counsel in violation of two court orders, "established a clear record of delay or contumacious conduct sufficient to justify dismissal pursuant to Rule 41(b)" (quotation marks omitted)). And Plaintiff has been given more than adequate warning of the potential for dismissal if she continued to fail to prosecute her case, *see Brown*, 664 F.3d at 192, through the filing of Ethicon's motion for an order to show cause, the November 29, 2022 letter from Ethicon's counsel, and the February 9, 2023 Text Order ordering Plaintiff to show cause.[4] The Court thus dismisses this case with prejudice for want of prosecution pursuant to Rule 41(b).

## CONCLUSION

Accordingly, this case is DISMISSED for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is directed to enter judgment and close the case.

---

[3] *Ball* also directs court to examine "the probable merits of the suit." *Ball*, 2 F.3d at 760. The Court does not have sufficient information to evaluate this factor. Nonetheless, since the other *Ball* factors all support dismissal, on balance, the Court finds that dismissal is warranted.

[4] The Court does not consider Ethicon's motion to dismiss for lack of prosecution a warning of impending dismissal because it is not clear whether Plaintiff was actually served it. *See supra* Background n.2.

Entered this 11th day of May, 2023.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
